**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PAUL T. MEJILLAS,

      Plaintiff,

v.                                                                                        No. CV 18-803 CG

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Paul T. Mejillas' *Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, With Supporting Memorandum* (the "Motion"), (Doc. 21), filed February 28, 2019; Defendant Commissioner Nancy A. Berryhill's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 23), filed April 24, 2019; and Mr. Mejillas' *Reply to Brief in Response to Motion to Reverse and Remand* (the "Reply"), (Doc. 24), filed May 10, 2019.

      Mr. Mejillas filed an application for supplemental security income on June 21, 2016. (Administrative Record "AR" 161). In his application, Mr. Mejillas alleged his disability began on October 1, 2015, (AR 161), and he later amended his disability onset date to June 21, 2016, (AR 16). Mr. Mejillas claimed he was limited in his ability to work due to post-traumatic stress disorder ("PTSD"), high anxiety, and depression. (AR 194). Mr. Mejillas' application was denied initially on November 10, 2016, and upon reconsideration on March 23, 2017. (AR 16).

Mr. Mejillas requested a hearing, and a hearing was held on February 23, 2018, before Administrative Law Judge ("ALJ") Ben Ballengee. (AR 28). Mr. Mejillas and Molly Malloy-Kelly, an impartial vocational expert ("VE"), testified at the hearing, and attorney Michelle Baca represented Mr. Mejillas at the hearing. (AR 28-53). The ALJ issued his decision May 7, 2018, finding Mr. Mejillas not disabled at any time between his alleged disability onset date through the date of the decision. (AR 23). Mr. Mejillas requested review by the Appeals Council, which was denied, making the ALJ's opinion the Commissioner's final decision for purposes of this appeal. (AR 5-9).

Mr. Mejillas, now represented by attorney Francesca MacDowell, argues in his Motion that the ALJ made the following reversible errors: (1) failed to properly assess the opinion of consulting psychologist Eligio R. Padilla, Ph.D.; (2) failed to include a function-by-function assessment; (3) failed to properly consider Mr. Mejillas' subjective symptoms; and (4) erred by adopting the VE's testimony at step five. (Doc. 21 at 3-21). The Court has reviewed the Motion, Response, Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. (Doc. 16). Because the ALJ erred in his consideration of Dr. Padilla's opinions, the Court finds that Mr. Mejillas' Motion is well-taken and should be **GRANTED** and this case be **REMANDED** for further proceedings.

**I.     Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98

(10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II. **Applicable Law and Sequential Evaluation Process**

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairment(s) meet or equal one of the "listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five, the Commissioner bears the burden of showing that the claimant is able to perform other work in the national economy, considering the claimant's

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

4

residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## III. Background

Mr. Mejillas claims he was limited in his ability to work due to PTSD, high anxiety, and depression. (AR 194). At step one, the ALJ determined that Mr. Mejillas had not engaged in substantial gainful activity since June 21, 2016, the amended alleged disability onset date. (AR 14). At step two, the ALJ found that Mr. Mejillas has the following severe impairments: lumbar degenerative disc disease; depression; anxiety; and post-traumatic stress disorder ("PTSD"). *Id.*

At step three, the ALJ determined that none of Mr. Mejillas' impairments, solely or in combination, equaled one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925 and 416.926. (AR 15). The ALJ then found that Mr. Mejillas has the RFC to perform light work, as defined by 20 C.F.R. § 416.957 and SSR 83-10, with the following limitations: he can never climb ladders, ropes, or scaffolds; he should never be exposed to unprotected heights, moving mechanical parts, extreme cold, or vibration; he is limited to performing simple, routine tasks and making simple work-related decisions; he can occasionally interact appropriately with supervisors and coworkers; he can occasionally engage in contact with the public; and he can adapt to occasional changes in a routine work setting. (AR 17).

In formulating Mr. Mejillas' RFC, the ALJ stated that he considered Mr. Mejillas' symptoms and the extent to which those symptoms can reasonably be accepted as consistent with objective medical and other evidence, as required by 20 C.F.R. § 416.929 and SSR 16-3p. *Id.* In addition, the ALJ stated that he considered opinion

5

evidence consistent with the requirements of 20 C.F.R. § 416.920(c). *Id.* The ALJ concluded that some of Mr. Mejillas' impairments could be expected to cause his alleged symptoms, but he found that the intensity, persistence, and limiting effects that Mr. Mejillas described were not entirely consistent with the evidence in the record. (AR 18).

Turning to the medical evidence, the ALJ stated that he gave "moderate weight" to some of the opinions of state agency psychological consultative examiner Dr. Padilla. (AR 19-20). The ALJ stated that Dr. Padilla's opinion as to Mr. Mejillas' abilities to understand, remember, concentrate, and persist are consistent with the results of his examination showing impaired recall and attention. (AR 20). However, the ALJ discounted Dr. Padilla's opinions because they are not consistent with the record as a whole. *Id.* The ALJ further stated that Dr. Padilla's opinions regarding Mr. Mejillas' abilities to interact with the general public, coworkers, and supervisors, and to adapt to changes in the workplace, appear to rely on Mr. Mejillas' subjective reports and are inconsistent with Dr. Padilla's description of Mr. Mejillas as cooperative. *Id.*

Next, the ALJ considered the opinions of Mr. Mejillas' counselor Patricia L. Grana, LCSW, who found that Mr. Mejillas has significant physical impairments which have caused emotional and psychological difficulties, and diagnosed Mr. Mejillas with major depressive disorder, generalized anxiety disorder, and PTSD. *Id.* The ALJ gave her opinions little weight because she is not an acceptable medical source, and even though her opinions are consistent with the record as a whole, they do not assess Mr. Mejillas' mental functional limitations in vocationally relevant terms. *Id.*

In addition, the ALJ gave little weight to the opinions of the state agency psychological consultants Stephen Drake, Ph.D., and Sheri L. Tomak, Ph.D., because they are inconsistent with the record and do not reflect evidence that Mr. Mejillas has certain mental limitations. (AR 20-21). Finally, the ALJ gave little weight to the opinions of state agency consultants Kim Rowlands, M.D., and Nancy Armstrong, M.D., who opined Mr. Mejillas had no severe physical impairments. (AR 21). The ALJ stated these opinions are inconsistent with evidence that Mr. Mejillas has physical limitations relating to lumbar degenerative disc disease. *Id.*

At step four, the ALJ found that Mr. Mejillas is unable to perform his past relevant work. *Id.* The ALJ then moved to step five, noting that Mr. Mejillas was 49 years old on the date the application was filed, which is classified as a younger individual, but he subsequently changed age categories to a person closely approaching advanced age pursuant to the Regulations. *Id.* The ALJ also determined that Mr. Mejillas has at least a high school education and is able to communicate in English. *Id.*

Next, the ALJ explained that if Mr. Mejillas had the RFC to perform the full range of light work, a finding of not disabled would be directed by Medical-Vocational Rules 202.20 and 202.13. (AR 22). However, the ALJ found that Mr. Mejillas' limitations impeded his ability to perform the full range of light work. *Id.* Therefore, the ALJ relied on the testimony of the VE to determine applicable jobs Mr. Mejillas could perform in the national economy. *Id.* The ALJ noted that the VE testified at the hearing that an individual with Mr. Mejillas' same age, education, work experience, and RFC could perform the jobs of: "bander, hand," street cleaner, and bagger. *Id.* After finding the VE's testimony consistent with the DOT, the ALJ adopted the testimony of the VE and

7

concluded that, because Mr. Mejillas is capable of performing work existing in significant numbers in the national economy, he is not disabled pursuant to 20 C.F.R. § 416.920(g). (AR 22-23).

## IV. Analysis

In his Motion, Mr. Mejillas argues the ALJ erred by failing to properly assess Dr. Padilla's opinions and failing to include his findings of moderate and marked limitations in the RFC. (Doc. 21 at 3-13). Mr. Mejillas further contends the ALJ failed to include a function-by-function assessment in the RFC, and failed to properly consider Mr. Mejillas' subjective symptoms. *Id.* at 14-18. Finally, Mr. Mejillas argues the ALJ erred by adopting the VE's testimony at step five because it was based on a flawed RFC determination, and because the jobs named by the VE do not exist in significant numbers in the national economy. *Id.* at 19-21.

In her Response, the Commissioner argues the ALJ reasonably weighed Dr. Padilla's opinions and properly rejected Dr. Padilla's "more extreme limitations" that were not supported by evidence in the record. (Doc. 23 at 4-11). The Commissioner also contends the ALJ sufficiently complied with the requirement to complete a function-by-function assessment and reasonably discounted Mr. Mejillas' subjective symptoms. *Id.* at 11-17. Finally, the Commissioner argues the ALJ did not err in relying on the VE's testimony because the RFC was not flawed, and the number of jobs found by the VE constitutes a significant number under relevant law. *Id.* at 17-21.

ALJs are required to adequately discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). While ALJs are not required to

8

discuss every piece of evidence in the record, they cannot "pick and choose" through a medical opinion, taking only the parts that are favorable to a finding of nondisability. *Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). Moreover, an ALJ "must . . . explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7.

To aid in the ALJ's analysis, the Regulations set forth the following factors that should be considered when assessing the value of each medical opinion:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

20 C.F.R. §§ 404.1527(c), 416.927(c); *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003). While not every factor will be applicable in every case, the ALJ must at least explain the decision in a manner that is "sufficiently specific to [be] clear to any subsequent reviewers." *Langley*, 373 F.3d at 1119 (citation omitted); *see also Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

In addition, the Commissioner may not rationalize the ALJ's decision post hoc or attempt to supply possible reasons for the ALJ's decision after the fact. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004); *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) (citation omitted). It follows then, that the court may not make a post hoc effort to "salvage [an] ALJ's decision" and judicial review remains limited to the reasons provided in the ALJ's decision. *Robinson*, 366 F.3d at 1084-85; *Carpenter*, 537

9

F.3d at 1267 (citation omitted). Thus, this Court may only consider the reasoning proffered by the ALJ, and not any post hoc rationale provided by the Commissioner. *Robinson*, 366 F.3d at 1084 (citations omitted).

   A. *Dr. Padilla's Medical Opinions*

In October 2016, consulting psychologist Dr. Padilla evaluated Mr. Mejillas at the request of the Disability Determination Services agency. (AR 297). Dr. Padilla interviewed Mr. Mejillas, performed a mental status examination, administered a test to assess PTSD, and reviewed Mr. Mejillas' counseling records. (AR 297-98). Dr. Padilla found that Mr. Mejillas met the criteria for PTSD in three areas: (1) re-experiencing symptoms; (2) avoidance, emotional numbing, and social withdrawal; and (3) hyperarousal and hypervigilance. (AR 299). Next, Dr. Padilla found Mr. Mejillas had mildly limited cognitive ability, impaired ability to attend and concentrate, and a dysphoric and anxious mood and affect. (AR 299-300). Dr. Padilla diagnosed Mr. Mejillas with chronic PTSD, depressive disorder, and alcohol-related disorder. (AR 300). Further, he assessed Mr. Mejillas with the following limitations: marked limitation in his ability to interact with the public, coworkers, and supervisors; moderate to marked limitation in his ability to adapt to changes in the workplace; and moderate limitation in his abilities to understand and remember complex instructions and to concentrate and persist at basic work tasks. *Id.*

The ALJ noted that Dr. Padilla found that Mr. Mejillas had the following limitations: mild impairment in understanding and remembering basic instructions; moderate impairments in understanding and remembering more complex, multistep instructions; moderate impairments in concentrating and persisting at tasks of basic

work; and marked impairments in adapting to changes in the workplace. (AR 19). The ALJ further noted that Dr. Padilla assigned Mr. Mejillas a Global Assessment of Functioning ("GAF") score of 45, which indicates serious symptoms. (AR 20).

The ALJ stated he gave "little weight" to the GAF score because it "represents a particular clinician's subjective evaluation at a single point in time," and "is not designed for adjudicative determinations." (AR 20). However, the ALJ did not state what weight he assigned to Dr. Padilla's findings of mild, moderate, and marked impairments. Instead, the ALJ stated he afforded "moderate weight" to "the remainder of Dr. Padilla's opinion." *Id.* The ALJ stated Dr. Padilla's findings are not consistent with evidence in the record showing minimal psychiatric treatment. *Id.* The ALJ further reasoned the record demonstrates that Mr. Mejillas is fully oriented and has intact recent and remote memory, neutral mood, appropriate affect, fluent speech, normal judgment and insight, coherent thought processes, and a "good fund of knowledge." *Id.* The ALJ also stated that Dr. Padilla's findings regarding Mr. Mejillas' abilities to interact with the general public, coworkers, and supervisors, and to adapt to changes in the workplace, appear to rely entirely on Mr. Mejillas' subjective reports and are inconsistent with Dr. Padilla's description of Mr. Mejillas as cooperative. *Id.*

The ALJ's RFC determination does not reflect Dr. Padilla's findings that Mr. Mejillas is markedly limited in his abilities to interact with the public, coworkers, and supervisors, and moderately to markedly limited in his ability to adapt to changes in the workplace. *Compare* (AR 15) *with* (AR 300). Therefore, the ALJ was required to adequately explain how these material inconsistencies were considered and resolved. SSR 96-8p, 1996 WL 374184, at *7 (explaining that if an ALJ's RFC assessment

conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted); SSR 96-5p, 1996 WL 374183, at *5 (explaining that an ALJ is required to weigh medical source reports and provide "appropriate explanations" for accepting or rejecting the opinions).

First, it is not clear what weight the ALJ assigned to each of Dr. Padilla's opinions or why some of his opinions were rejected. While the ALJ stated that he gave "moderate weight" to the "remainder of Dr. Padilla's opinion," he did not state what weight he gave to Dr. Padilla's findings that Mr. Mejillas was markedly limited in interacting with the public, coworkers, and supervisors, and moderately to markedly limited in adapting to changes in the workplace. (AR 20). Moreover, the ALJ did not give any reasons for rejecting Dr. Padilla's opinion regarding Mr. Mejillas' abilities to adapt to changes in the workplace, which is legal error. *See Langley*, 373 F.3d at 1123 (an ALJ's reasons for adopting or rejecting an opinion must be "sufficiently specific" to allow for meaningful judicial review).

In addition, Dr. Padilla's findings regarding Mr. Mejillas' abilities to interact with the public, coworkers, and supervisors, and adapt to changes in the workplace, are supported by other evidence in the record. For example, Mr. Mejillas was diagnosed with anxiety in 2010 (AR 280), and his counselor, Ms. Grana, opined that he has significant psychological impairments that cause him to experience "recurrent, intrusive and upsetting memories of specific events" (AR 361). Moreover, Candace Percifull, APN, found that Mr. Mejillas has anxiety, depression, difficulty maintaining activities, irritability, and fatigue that limits his ability to attend to daily activities and to work (AR 305-07, 310-11, 313-14, 348-50, 367-68); and Janice Barley, LCSW, found that Mr.

Mejillas has difficulty sustaining relationships both personally and at work, and has angry outbursts, depression, and increasing isolation (AR 267-68, 273, 275-76). Similarly, Mr. Mejillas reported numerous times that he experiences anxiety in social interactions and crowds, has difficulty getting along with most of his family, has difficulty when supervisors point out his mistakes, and works best when he is alone. (AR 43-45, 202, 205, 207).

This evidence belies the ALJ's statement that Dr. Padilla's findings were not supported by the evidence in the record. An ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). Because Dr. Padilla's findings are consistent with other medical evidence in the record, the ALJ erred by relying only on the medical evidence that supported his RFC determination. *See Haga*, 482 F.3d at 1208 ("An ALJ is not entitled to pick and choose through an uncontroverted medical opinion taking only the parts that are favorable to a finding of nondisability."); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."). Moreover, while the Commissioner argues that Dr. Padilla's opinions are supported by normal psychiatric findings and the opinions of the state agency psychologists, (Doc. 23 at 8), this evidence was not given by the ALJ as a reason to discount Dr. Padilla's opinions. *Compare* (Doc. 23 at 8) *with* (AR 20). Therefore, this is an improper post hoc rationalization by the Commissioner. *See*

*Robinson*, 355 F.3d at 1084 (explaining that an ALJ's decision must be evaluated "based solely on the reasons stated in the decision").

Based on the foregoing, the Court finds that the ALJ's reasons for rejecting Dr. Padilla's opinions are not supported by the record, and the ALJ failed to adequately explain why he rejected evidence that supported Dr. Padilla's opinions. Therefore, the Court finds the ALJ failed to provide legally sufficient reasons for his decision, which requires remand.

**V.  Conclusion**

For the reasons stated above, the Court finds that the ALJ failed to properly consider the findings and opinions of Dr. Padilla. The Court will not address Mr. Mejillas' remaining claims because they may become moot upon remand.

**IT IS THEREFORE ORDERED** that Mr. Mejillas' *Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, With Supporting Memorandum*, (Doc. 21), is **GRANTED** and this case is to be **REMANDED** for further administrative proceedings consistent with this opinion.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE